## YOUNG et ux. v. KRAUSE et al.
### No. 9416.

Court of Civil Appeals of Texas. Galveston. March 19, 1930.

Bowers & Bowers, of Caldwell, for appellants.

Searcy & Hodde, of Brenham, and W. M. Hilliard, of Caldwell, for appellees.

PLEASANTS, C. J.

This is an action of trespass to try title brought by appellant Henry Young and wife, Mattie Young, against W. H. Krause and a number of other defendants, appellees herein, who need not be named in this opinion.

Upon the pleadings on which the case went to trial, the land involved was the northwest, or northern and western, one-half of a tract of 100 acres on the John M. Hardeman headright league in Burleson county, and fully described in the petition. In addition to the statutory allegations in a suit of trespass to try title, plaintiffs' petition further alleged that a deed under which defendants were claiming title as innocent purchasers was intended as a mortgage, and was void because the property thereby conveyed was the homestead of the grantors at the time the instrument was executed. They further pleaded title by limitation of five, ten, and twenty-five years.

The defendants by their answer disclosed as to the southeast one-half of the 100-acre tract, but pleaded not guilty as to the northwest one-half of the tract which the answer disclaimed by metes and bounds.

They further pleaded title as innocent purchasers for value without notice of the homestead claim of plaintiffs, and also title by limitation of five years.

The case was tried with a jury, and, in obedience to an instruction of the court, a verdict was returned in favor of defendants, and judgment rendered accordingly.

The record discloses that, after the plaintiffs had introduced in evidence deeds showing title in them to the 100-acre tract, of which the land in controversy is a part, from and under the agreed common source of title, they made this announcement to the court: "The plaintiffs rest with the distinct understanding that we do not waive any pleading on limitation or any other question in the case. We rest for the present on any other pleading we might have." No objection to this announcement was made by the defendants, and it was accepted by the court, and the defendants then introduced their evidence under their pleas of innocent purchaser and limitation of five years. After the close of defendants' evidence, plaintiffs offered evidence tending to establish their plea in avoidance of the deed through which defendants claim as innocent purchasers, and also evidence in support of their pleas of title by limitation.

The trial court sustained defendants' objections to this evidence on the following grounds:

"(a) Because the plaintiffs are now attempting to prove a limitation title to the lands in controversy, and is not in rebuttal of any testimony offered by the defendants.

"(b) Because the plaintiffs failed to introduce evidence on his plea of limitation on direct testimony, and by so doing has waived his rights under said plea and plaintiffs are now estopped.

"(c) Because the plaintiffs must introduce testimony and establish his case when he opens his case."

A proper bill of exceptions was preserved to this ruling of the court, and the question is presented in appellants' brief under an appropriate proposition and assignment of error.

The trial court erred in this ruling. The general well-settled rule invoked by appellees in support of the ruling of the court that, when a plaintiff or a defendant offers no evidence in support of a pleaded ground of recovery or defense, such ground will be presumed to have been waived, can have no application when the record affirmatively shows there was no waiver. The statement made by appellants when they announced they would rest their case on the evidence theretofore introduced by them expressly reserves the

right ·to introduce further evidence under their claim of title by limitation and in avoidance of defendants' claim of innocent purchaser. The appellees made no objection to this method or order in which plaintiffs proposed to introduce their evidence, and the court acquiesced in this method of proceeding with the introduction of the evidence. Just how a waiver by appellants of any of their grounds of recovery or their pleas in avoidance of defendants' plea of innocent purchaser can be based upon this record does not appear to us. To hold appellants estopped to offer evidence upon the issues expressly reserved by them in announcing that they rested their case for the present when no objection was made at the time to such order of procedure would pervert a rule intended to promote order and fairness in trial procedure into an instrument of unfairness and injustice.

If other errors are presented by appellants, they are not such as would require a reversal of the judgment, nor likely to occur upon another trial, and therefore need not be discussed.

For the error indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.